Agnes, A. J.
This is a civil action which arises out of an incident which occurred on July 25, 1999. As a result, plaintiff, Michelle Mitchell (“plaintiff’), brought claims against the defendant, George Kucmas (“defendant”), for assault and battery, intentional infliction of emotional distress and violations of Chapter 93A. The defendant moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to Mass.R.Civ.P. 12(b)(1). For the following reasons, the defendant’s Motion to Dismiss is ALLOWED without prejudice.
BACKGROUND
On or about June 22, 1998, plaintiff rented an apartment from the defendant located at 24 Waugh Street in the City of Lowell, Massachusetts. On July 25, 1999, defendant assaulted the plaintiff in the laundry room of the apartment building. In particular, the plaintiff alleges that the defendant touched her “in a sexual and unwanted manner” in the laundry room of the apartment complex. Defendant was subsequently found guilty of assault and battery in the Lowell District Court. Thereafter, plaintiff filed a civil action in Middlesex Superior Court against the defendant for assault and battery, intentional infliction of emotional distress and violations of Chapter 93A.
Plaintiff indicated on the civil action cover sheet dated August 10, 2000, that she suffered $8,605 in economic damages. In particular, the plaintiff states that the incurred expenses of $2,400 due to “psychiatric counseling,” $704.00 due to “lose wages,” $3,600 due to “reasonably anticipated future medical and hospital expenses,” and $1,900 of “other expenses” due to being “forced to move.” On the line where plaintiff is required to insert a brief description of the injury “including nature and extent of injury,” the plaintiff stated: “Plaintiff was sexually assaulted by landlord. Landlord was found guilty of criminal assault and battery at trial. Plaintiff suffered great emotional distress, physical harm. Case value exceeds $25,000." Other than an allegation that defendant’s touching was “offensive” and that it caused “great emotional distress, physical harm,” the plaintiff does not provide any more information about the incident or the nature of the injury she suffered.
DISCUSSION
For purposes of the defendant’s motion, the factual allegations of the complaint are taken as true. Cross v. Comm’r of Correction, 27 Mass.App.Ct. 1154, rev. den. 405 Mass. 1204 (1989) (rescript). This civil action is governed by St. 2000, Ch. 142.[1] Under Chapter 142, civil cases are tried once in either Superior or District Court. The Superior Court has exclusive original jurisdiction over civil actions in which “there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to twenty-five thousand dollars . . .”[2] See Ropt Limited Partnership v. Katin, 431 Mass. 601, 603 (2000) (jurisdictional prerequisites set forth in St. 1996, Ch. 358, §4 without exception). Specifically, when an action is filed in either the Superior or District Court, the complaint must be accompanied by a statement specifying “in full and itemized detail the facts on which the plaintiff then relies to determine money damages.” St. 1996, Ch. 358, §5, as amended by St. 2000. Further, Ch. 358 provides that the court may act on its own initiative.
*486 If it appears to the court, in Norfolk and Middlesex counties, from the statement of damages by the plaintiff that there is no reasonable likelihood that the estimated damages will be consistent with the jurisdictional limits of the court. . . [the court] may dismiss the case without prejudice for want of jurisdiction.
St. 1996, Ch. 358, §5 (emphasis supplied). See Marashlian v. Zoning Board of Appeals of Newburyport, 37 Mass. App, Ct. 931, 933 (1994) (within zoning context reasonable likelihood more than mere “conjecture or hypothesis”); Barvenik v. Board of Alderman of Newton, 33 Mass.App.Ct. 129 (1992). If the court dismisses an action for lack of jurisdiction, the plaintiff has a thirty-day statutory grace period for refiling provided the commencement of the dismissed case-was originally within the applicable statute of limitations period. Id. at §7. See also Melo v. General Electric Capital Auto Lease, 1999 Mass. App. Div. 269 (1999) (grace period for refiling action in proper court commences the day plaintiff receives notice of the dismissal).
Here, the defendant maintains that the court should dismiss plaintiffs cause of action because plaintiff has failed to satisfy the requirements set forth in St. 1996, Ch. 358, and therefore the Superior Court lacks subject matter jurisdiction to adjudicate the matter. Ropt, supra, at 605 (lack of jurisdiction can be raised at any time and cannot be created by consent or waiver). Plaintiff argues that the jurisdictional requirements have been met as evidenced by the damages listed on the Superior Court cover sheet which sufficiently demonstrate a reasonable likelihood of recoveiy over $25,000. This court, however, disagrees.
Under the controlling statutory standard, the precise question presented is whether, on the facts alleged by the plaintiff, there is no reasonable likelihood that she will receive more than $25,000. This case involves an assault and battery that the plaintiff describes as “sexual” in nature. The crime of assault and battery is a common law offense and may be committed in a variety of ways. See, e.g., Commonwealth v. Burke, 390 Mass. 480, 482-83 (1983) (explaining the difference between harmful batteries and offensive batteries, clarifying that the latter require proof of lack of consent, and holding that lack of consent is an element of proof of the more aggravated offense of indecent assault and battery). See generally 32 Nolan and Henry, Massachusetts Practice §322 (2d ed. 1988) (discussion of elements of assault and battery). Although plaintiff alleges economic damages in the amount of $8,605, plaintiff does not meet the $25,000 jurisdictional threshold for filing the action in the Superior Court simply by adding the terminology “sexual assault,” accompanied by a general description of the harm suffered as “great emotional distress, physical harm."[3] The characterization “sexual,” without more, does not suffice to establish that the plaintiff was the victim of one of the more aggravated forms of criminal assault and battery, especially in circumstances in which the defendant was convicted of simple assault and battery. In the absence of any facts “in full and itemized detail,” St. 1996 Ch. 358, §5, as amended by St. 2000 Ch. 142, to provide a basis for the assertion that “[c)ase value exceeds $25,000,” see Civil Action Cover Sheet, the plaintiffs claim that she will recover an amount equal to or greater than $25,000 is speculative. This determination is not based on any assessment of the merits of the plaintiffs case. Accordingly, plaintiffs complaint must be dismissed without prejudice.
ORDER
For the foregoing reasons, the defendant’s Motion to Dismiss is ALLOWED without prejudice.

 St. 1996, c. 358 provided for an experimental one-trial system for civil cases in both Norfolk and Middlesex Counties with specific jurisdictional requirements. The program commenced on July 1, 1996 and was originally set to terminate on June 30, 1998. The program, however, was extended through July 31, 2000 by St. 1998, Ch. 157 §3 and extended again through August 31, 2002 by St. 2000, c. 142. The statute now includes Berkshire and Essex counties as well.

 Conversely, the District Court has exclusive jurisdiction over an action where there is no reasonable likelihood that recovery by the plaintiff will exceed twenty-five thousand dollars."

 See para. 3 of the defendant’s memorandum. Plaintiff failed to provide any documentation regarding any of the damages alleged. Moreover, plaintiff did not refute the lack of documentation at oral argument.