Lauriat, J.
Alex Grant ("Grant”), individually and as president of Organic Zone, Inc. (“Organic Zone”), has brought this action against defendant Leasecomm Corporation (“Leasecomm”) to recover damages for violations of G.L.c. 93A (Count I), unjust enrichment (Count II), conspiracy (Count III), fraudulent debt collection practices (Count IV), breach of the covenant of good faith and fair dealing (Count IV), unfair debt collection practices (Count VI), fraud (Count VII) and usury (Count VIII). In addition, Grant seeks certification of a plaintiff class and a declaration by the court that leases executed in favor of Leasecomm are void.
Leasecomm has now moved to dismiss this action pursuant to Mass.R.Civ.P. 9(b), 12 (b)(1) and 12(b)(6). Leasecomm asserts that the Superior Court does not have subject matter jurisdiction in this case because Grant’s claim falls below the $25,000 jurisdictional threshold set by St. 1996, c. 358, §4 as amended by St. 2000, c. 142. In addition, Leasecomm contends that Grant’s other claims are substantively deficient and fail to state claims upon which relief could be granted. For the following reasons, Leasecomm’s Motion to Dismiss is allowed without prejudice.
BACKGROUND
Leasecomm, a Massachusetts corporation headquartered in Waltham, operates nationwide as a lessor of business equipment.
On June 26, 1998, Grant, as president of Organic Zone, signed Leasecomm‘s standard form Equipment Lease Agreement (“the Lease”). Grant also executed a Personal Guaranty of all obligations contained in the Lease. The Lease provided Grant with three credit card machines for a forty-eight (48) month term at a total cost of $49.95 per month. At oral argument, Grant advised the court that Organic Zone had gone out of business. At some point, Grant stopped paying Leasecomm, and Leasecomm sued Grant in district court for $2,902.73.
Grant’s complaint alleges that Leasecomm “actively solicits individuals . . . engaged in, or starting, their own small business to sign non-cancelable long-term leases . . . knowing that a large number of these businesses will not last the lease term.” Grant further alleges that these vendors intentionally omit and misrepresent terms of the contract, including the term whereby any vendor’s representations contrary to the lease’s written terms are expressly disclaimed. Grant contends that the contract is one of adhesion, using non-negotiable, technical language in varying degrees of small print which bind customers to the contract even after their business has ceased to operate. Further, the contract contains a forum selection clause requiring that any action on the Lease be brought in a Massachusetts court. Grant alleges that this clause is unconscionable because “Massachusetts, [is] an inconvenient forum for the vast majority of lessees, [who] neither reside nor conduct business in Massachusetts.”
Grant further asserts that customers inevitably fail to pay Leasecomm and that when that happens, Leasecomm brings suit in Massachusetts to obtain an uncontested default judgment, which it in turn en *226 forces in the customer’s home state. In this regard, Grant contends that Leasecomm improperly serves process on its delinquent customers, thus depriving them of their ability to challenge the underlying judgment, and perpetrates a fraud on the Court. Grant alleges that Leasecomm refers to itself and its leases as “commercial” in order to bypass statutory regulation of consumer transactions. According to Grant, this fraudulent conduct allegedly allows Leasecomm to “miscalculate interest and amounts due to which it adds illegal and unjustified charges in order to increase the size of its judgments.” Grant argues that this is a premeditated scheme to take advantage of inexperienced small business entrepreneurs who do not have the resources to defend a suit in Massachusetts.
DISCUSSION
I.
“Whenever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.” McCracken v. Sears, Roebuck & Company, 51 Mass.App.Ct. 184, 188 (2001), citing Mass.R.Civ.P. 12(h)(3), 365 Mass. 757 (1974). “When subject matter jurisdiction is lacking, it ‘cannot be conferred by consent, conduct or waiver.’ ” Jamgochian v. Dierker, 425 Mass. 565, 567 (1997), quoting Litton Business Systems v. Commissioner of Revenue, 383 Mass. 619, 622 (1981). Additionally, although the factual allegations of the complaint are taken as true for purposes of evaluating Leasecomm’s motion, see Cross v. Commissioner of Correction, 27 Mass.App.Ct. 1154, 1154 rev. den. (1989), “[characterizations and conclusions of law warrant no such consideration and may be disregarded.” See Boston & M.R.R. v. County Commissioners of Middlesex County, 239 Mass. 127, 131 (1921).
The Court must evaluate Leasecomm's motion to dismiss for lack of subject matter jurisdiction under Mass.R.Civ.P. 12(b)(1) in the context of the statute confirming jurisdiction on the Court, in this instance, St. 1996, c. 358, as amended by St. 2000, c. 142.[1]
The plain language of the statute is clear. [Section] 4 grants exclusive original jurisdiction to the District Courts in Norfolk and Middlesex counties, for all civil actions otherwise subject to G.L.c. 231, §§97-107,[2] if there is a reasonable likelihood that the plaintiffs recovery will not exceed $25,000; it grants exclusive original jurisdiction to the Superior Court for all civil actions otherwise subject to G.L.c. 231, §§97-107, if there is a reasonable likelihood that the plaintiffs recovery will exceed $25,000. There are no exceptions stated in the statute.
Ropt Ltd. Partnership v. Katin, 431 Mass. 601, 603 (2000). See Commonwealth v. Egleson, 355 Mass. 259, 262 (1969); Kravitz v. Director of the Div. Of Employment Sec., 326 Mass. 419, 421-22 (1950).
Furthermore, “when an action is filed in either the Superior or District Court, the complaint must be accompanied by a statement specifying ‘in full and itemized detail the facts on which the plaintiff then relies to determine money damages.’ ” Mitchell v. Kucmas, Civil Action No. 00-3770, 13 Mass. L. Rptr. 485 (Mass. Superior. Ct., July 13, 2001). “If it appears to the court, in Middlesex. .. county, from the statement of damages by the plaintiff that there is no reasonable likelihood that the estimated damages will be consistent with the jurisdictional limits of the court. . . [the court] may dismiss the case without prejudice for want of jurisdiction.” Id.
Here, Leasecomm asserts that the Superior Court lacks subject matter jurisdiction under St. 1996, c. 358 to adjudicate the matter because Grant has failed to satisfy the $25,000 threshold requirement. Grant has not enumerated his actual damages, but this court will presume a claim of approximately $2,000 to $3,000 based on Leasecomm’s claim against him for $2,902.73. Ropt Ltd. Partnership v. Katin, 431 Mass. 601, 605 (2000). However, Grant contends that since he is filing this case as a class action on behalf of “thousands of Leasecomm customers,” their aggregate claims will surpass the $25,000 threshold. Grant concludes that this court’s jurisdiction is proper based on this hypothetical aggregated total. ,
The trial court is vested with broad discretion to determine whether an action may be maintained as a class action. See Fletcher v. Cape Cod Gas Co., 394 Mass. 595, 605 (1985); Sniffin v. Prudential Ins. Co. of America, 11 Mass.App.Ct. 714, 723 (1981). There is no statutory requirement that a class action motion be determined as soOn as practicable after commencement of an action. Massachusetts General Hospital v. Rate Setting Commission, 371 Mass. 705, 713 (1977). In the absence of any facts showing how Grant was harmed by Leasecomm’s practices, and lacking any damages described “in full and itemized detail,” Grant’s characterization of his claims as representative of a class, before actual certification, does not provide a reasonable basis for his assertion that the “case value exceeds $25,000.” See Mitchell v. Kucmas, Civil Action No. 00-370, 13 Mass. L. Rptr. 485 (Mass. Super. Ct., July 13, 2001) (Agnes, J.). Grant’s claim that he will recover an amount equal or greater than $25,000 is pure speculation.
II.
Grant asserts that even if his claim does not meet the damages threshold required by St. 1996, c. 358, as amended, filing the case in the district court department of the trial court would be inappropriate. He contends that even if Mass.R.Civ.P. 23 allows class actions in the district court, that court is still inappropriate because it cannot grant equitable relief. Consequently, Grant contends, the district court cannot afford plaintiffs all the relief which they seek or to which they are entitled.
With the enactment of St. 1996, c. 358, §3, however, the legislature gave the District Courts of Middlesex and Norfolk counties “the same equitable powers and jurisdiction as is provided for the Superior Court pursuant to chapter two hundred and fourteen of the General Laws for the purpose of the hearing and disposition of such *227 cases.” Clark v. Leasecomm Corporation, Civil Action No. 99-4177-E, 12 Mass. L. Rptr. 267 (Mass. Super. Ct., August 21, 2000) (Fabricant, J.), citing 1996 Stat. c. 358 (District Courts in Middlesex and Norfolk Counties were empowered to grant equitable relief in c. 93A cases, as in other cases normally within the District Court’s jurisdiction). Therefore, the District Court can hear this action, and fully adjudicate the matter.
III.
Leasecomm’s other grounds for dismissal need not be addressed at this juncture, as the record does not show any facts which suggest that Grant’s claim will meet the $25,000 threshold. Upon consideration of the statement of damages Grant has submitted, there is no reasonable likelihood that the estimated damages will satisfy the jurisdictional minimum of the Superior Court. See Mitchell v. Kucmas, Civil Action No. 00-3770, 13 Mass. L. Rptr. 485 (Mass. Superior. Ct., July 13, 2001), citing St. 1996, Ch. 358, §5, as amended by St. 2000, c. 142.
ORDER
For the forgoing reasons, Defendant’s Motion to Dismiss is ALLOWED, without prejudice to this action being refiled in the appropriate District Court.

 “St. 1996, c. 358 provided for an experimental one trial system for civil cases in both Norfolk and Middlesex Counties with specific jurisdictional requirements. The program commenced on July 1, 1996 and was originally set to terminate on June 30, 1998. The program, however, was extended through July 31, 2000 by St. 1998, Ch. 157 §3 and extended again through August 31, 2002 by St. 2000, c. 142. The statute now includes Berkshire and Essex counties as well.” Mitchell v. Kucmas, Civil Action No. 00-3770, 13 Mass. L. Rptr. 485, n.1 (Mass. Super. Ct. July 13, 2001).

 “The category of cases referred to is ‘civil actions’ otherwise subject to transfer, retransfer, removal and appeal.” Clark v. Leasecomm Corporation, Civil Action No. 99-4177-E, 12 Mass. L. Rptr. 267 (Mass. Super. Ct. August 21, 2000) (Fabricant, J.), citing G.L. 231, §§97-107.