Sanders, Janet L., J.
This putative class action alleges unlawful debt collection activity by defendant LVNV Funding, LLC (LVNV). Specifically, plaintiff alleges that LVNV has used courts of this Commonwealth to collect consumer debts and therefore acted as a “debt collector” even though it was not licensed as required by Massachusetts Debt Collection Law, G.L.c. 93, §24. The defendant now moves to dismiss the First Amended Complaint (the Complaint) pursuant to Rule 12(b)(6), Mass.R.Civ.P. Among other things, it argues that the plaintiff, who already had a judgment entered against her in district court, can only attack that judgment in the court in which it originated, not collaterally through these proceedings. Alternatively, LVNV maintains that there is no “pending controversy” because the case against the plaintiff has concluded, making the instant case moot. The defendant has also moved to strike the request for *101 class relief. This Court concludes that the defendant’s Motion must be Denied.
Many of the same arguments made in support of the instant motion were raised (and rejected) in earlier filed actions in this Court that made precisely the same allegations. The first (with which this case has been consolidated), is Dorrian v. LVNV Funding, LLC, Civ. No. 14-2084-BLS 2. In that case, the plaintiff Tara Dorrian had been sued by LVNV in Quincy District Court on a defaulted consumer debt that LVNV had purchased; Dorrian prevailed. When she then brought an action on behalf of herself and similarly situated individuals alleging that LVNV had engaged in unlawful debt collection activity without being licensed, LVNV asked that the case be dismissed on the grounds (among others) that there was no pending controversy. In denying the motion, the Court (Roach, J.) reasoned that the district court action concerned whether Dorrian owed the debt, whereas the Superior Court case was about whether LVNV was permitted to bring the suit at all.[1] See Memorandum of Decision dated March 30, 2015. This Court sees no reason to reach a different conclusion since Newton stands in no different position than Dorrian. The only difference between Newton and Dorrian is that Newton lost her case in district court and actually made a few payments in connection with the district court judgment. In either case, the controversy here is not about whether they owed the debt or not but whether LVNV’s practice of bringing debt collection suits was lawful.
The second (earlier filed) case was Gomes v. Midland Funding, LLC, Civ. No. 11-1469 BLS 2. There, as here, the defendant had filed collection actions on defaulted consumer debts that it had purchased. Plaintiffs, as individuals and as members of a putative class, alleged that the defendant was engaged in unlawful debt collection activity without being licensed. The undersigned denied a motion to dismiss and a motion for judgment on the pleadings before the case ultimately settled. See Memorandum of Decision and Order dated September 19, 2012; Memorandum of Decision and Order dated November 12, 2012. One of the principal grounds for the motion to dismiss was that, even assuming the allegations made against the defendant were true, plaintiffs’ only recourse was for each of them to seek relief from judgment in that court which had issued the judgment to begin with. This Court disagreed, relying in part on an Illinois appellate court decision which has since been overruled by the Illinois Supreme Court. LVNV Funding, LLC v. Trice, 2015 Ill. 116129, 2015 WL 847622 (Feb. 27, 2015), overruling 2011 Ill.App. (1st) 092773, 2011 WL 2623304 (June 30, 2011) (Trice). Trice involved a claim by a single plaintiff who sought to vacate a judgment LVNV had obtained against him on the grounds that LVNV was not licensed. The intermediate appellate court had held that, because the underlying judgment would be void if plaintiffs allegations were true, he stated a claim. Reversing, the Illinois Supreme Court held that the underlying judgment was voidable and therefore could not be subject to a later claim attacking it once it had become final.
There is no clear Massachusetts precedent on this issue of whether underlying judgments obtained in circumstances such as here are void and therefore subject to collateral attack, or simply voidable, with the relief available (if at all) from the court that had entered the original judgment. This Court is not convinced, however, that the Supreme Judicial Court would accept defendant’s position. As plaintiff points out in her memorandum, debt purchasers like LVNV have come under increasing governmental scrutiny. The consumer debt they buy is thin on documentation, increasing the danger that they are seeking to collect on dubious claims. At the same time, the targets of these claims are individuals with limited resources who are not in a position to challenge them. According to the allegations in the Complaint, LVNV has for years used the courts of this Commonwealth to collect on these claims, which were purchased for pennies on the dollar. If these claims should not have been asserted in the first place because LVNV should have been licensed as a debt collector, then that practice should not escape judicial review. But that is precisely what would happen if the defendant’s argument was accepted; members of this putative class would be unlikely to return on an individual basis to seek relief from judgment in the particular district court that had entered that judgment against them. If they did, LVNV would almost certainly argue that they are too late if no appeal were taken or the judgment they are attacking had become final. Decisions would be rendered on a case-by-case basis, most likely resulting in inconsistencies which would not clearly resolve the issue. In the meantime, LVNV would continue its practice, which (if the Complaint allegations are taken as true), is in violation of state law intended to protect consumers.
In support of its position, LVNV relies on a Superior Court decision, Clark v. Leasecomm Corp., 2000 WL 1512373 (August 21, 2000) [12 Mass. L. Rptr. 267], In Clark, the plaintiffs filed a class action challenging the defendant’s practice of using a forum selection clause in its contracts with consumers that required them to litigate any contract dispute in a particular district court of the Commonwealth. The court (Fabricant, J.) concluded that those members of the plaintiff class who had been sued by the defendant and had either settled or had a judgment entered against them could not now complain of the defendant’s practice, either because there was no “pending controversy” or because their exclusive avenue of relief was to seek relief from judgment in the court which had issued it. The conduct being challenged in this instant case, however, is not just that the defendant narrowed the *102 plaintiffs choice as to forum but that the defendant had no right to use the forum in the first place.
In any event, this Court finds more persuasive a decision entered by the Maryland Court of Special Appeals in a case on all fours with the instant one. Finch v. LVNV Funding, LLC, 212 Md.App. 748, 769, 71 A.3d 193, 205 (Ct.App.Sp. Appeals 2013) (Finch). As in the instant case, LVNV in Finch was the target of a class action complaint alleging that it had used the courts to collect consumer debt it had purchased, thus acting as a debt collector, and yet it had not been licensed as required by Maryland law. LVNV moved to dismiss the case as an impermissible collateral attack on the existing court judgments. Reversing the lower court’s allowance of the motion, the Maryland appellate court held that, if LVNV had no authority to bring the underlying suits against the debtor in the first place, then any judgment it obtained was a “nullity” and thus could be collaterally attacked. Admitting that declaring a judgment void was a “drastic remedy,” the Maryland court concluded that this was entirely in keeping with the legislative intent of protecting consumers by requiring licensure of debt collectors. This Court is of the view that the SJC would reach the same conclusion.
For these and other reasons articulated in the plaintiffs opposition, the Motion to Dismiss and the Motion to strike Class Relief is DENIED.

 That same decision by Judge Roach also dispensed with other arguments identical to those asserted in the instant motion (e.g., whether plaintiff states a claim under 93A). This Court sees no reason to revisit the conclusions drawn by Judge Roach on those other issues.